UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXA RAMIREZ,<br><br>Defendant. | Case No. 1:22-cr-00220-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant has filed a pro se motion for reduction of sentence. *See* Dkt. 46. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On August 10, 2023, this Court sentenced Defendant to 60 months' imprisonment after she pleaded guilty to distributing fentanyl. *See Aug. 11, 2023 Judgment*, Dkt. 41. When the defendant agreed to plead guilty, the parties stipulated that the Court would apply a base offense level of 38 because Ms. Ramirez had sold fentanyl pills to A.L., and those pills cause A.L.'s death. *See Plea Agmt.*, Dkt. 17, at 2, 7. Later, however, the United States Probation Office calculated the base offense level at 12, rather than 38. After deducting two points for acceptance of responsibility, and given Ms. Ramirez's criminal history

MEMORANDUM DECISION AND ORDER - 1

category of I, the Probation office calculated Ms. Ramirez's guideline range at 6 to 12 months' imprisonment. By contrast, the parties had anticipated a guidelines range of 168 to 210 months (based on a total offense level of 35 and a criminal history category of I). During the sentencing hearing, the Court noted that the Probation Officer had correctly calculated the guidelines range. But in imposing the 60-month sentence, the Court concluded that a sentence significantly above the guidelines range was warranted to afford adequate deterrence and because "[a] death resulted from the conduct in the offense" and "[t]he parties agreed to a substantially increased BOL [base offense level]." *Aug. 11, 2023 Statement of Reasons* ¶ VI.C.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

**MEMORANDUM DECISION AND ORDER - 2**

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

### A.   Part A

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who

MEMORANDUM DECISION AND ORDER - 3

otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. In this case, Ms. Ramirez's criminal history score is unaffected by the amendment. She did not have any "status" points added to her criminal history score. *See June 14, 2023 Presentence Investigation Report*, Dkt. 32, ¶¶ 27-28. Accordingly, Ms. Ramirez's guideline range is unaffected by Part A of the Amendment.

### B. Part B

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B does not apply because Ms. Ramirez is not a zero-point offender.

### ORDER

**IT IS ORDERED that** Defendant's Motion for Reduction of Sentence (Dkt. 46) is **DENIED**.

DATED: October 24, 2024

B. Lynn Winmill  
U.S. District Court Judge